UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-10169-MARTINEZ / GOODMAN

ROGER MOGLE and DAVID HART,

        Plaintiffs,

v.

T. RYAN CONTRACTING, INC., a Florida for-profit corporation, and TIMOTHY E. GOULD,

        Defendants.
_____/

**PLAINTIFFS' MOTION TO LIMIT DISCOVERY TO
COVERAGE UNDER THE FAIR LABOR STANDARDS ACT**

The Plaintiffs, ROGER MOGLE and DAVID HART, by and through undersigned counsel, hereby file this Motion to Limit Discovery to Coverage Under the Fair Labor Standards Act, and state:

On August 28, 2015, the Plaintiffs, who were formerly employed by Defendants, filed and subsequently served upon Defendants, their Complaint (DE 1) alleging that Defendants failed to pay them overtime wages, in conformance with the Fair Labor Standards Act ("FLSA"). The Defendants filed an Answer and Affirmative Defenses (DE 10) on October 27, 2015.

The parties filed a Scheduling Report on November 3, 2015 (DE 12). While jointly preparing the Joint Scheduling Report, the defense counsel requested the following language be inserted into the Joint Scheduling Report:

> Defendants were not Plaintiff's "employer" as defined by the FLSA and/or were not covered by the FLSA or required to pay overtime for a portion of Plaintiffs' employment because Defendants did not have gross revenues in excess of $500,000.

Joint Scheduling Report (DE 12) at ¶13(B).

By disputing that the Defendant corporation is a "covered enterprise," (by virtue of failing to meet the $500,000 threshold) the Defendants are, in fact, questioning this Court's subject matter jurisdiction.[1] Obviously, if this Court has no subject matter jurisdiction, then it makes no sense for judicial or attorney resources to be squandered by litigating. In an effort to avoid using up limited resources, for a brief period, discovery should be limited to the whether *there is* FLSA coverage. The Plaintiffs' counsel suggested this concept to the Defendants thinking they would be interested avoiding unnecessary fees/costs, however, instead of embracing the idea, the Defendants served full-blown written discovery to the Plaintiffs on November 3, 2015 (See **Exhibit A, B and C**).[2]

## MEMORANDUM OF LAW

As the Court is aware, "enterprise coverage" under the FLSA applies to all the workers of "an enterprise engaged in commerce or in the production of goods for commerce." FLSA, 29 U.S.C. §206. An enterprise engaged in commerce or the production of goods for commerce is an enterprise that (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C.

---

[1] Prior to this case being filed, the Plaintiffs' counsel sent a pre-suit demand to the Defendants and their former counsel. Defendants' former counsel did not make an assertion that enterprise coverage was lacking, prior to this case being filed.

[2] The Certificate of Service for Defendants' First Set of Interrogatories to Plaintiff David Hart, claims it was served on October 3, 2015, see, **Exhibit** B, however, this is likely incorrect. The Plaintiff counsel's office received Exhibits A, B and C in the mail on November 7, 2015.

§203(s)(1)(A)(i & ii) (emphasis added). "[T]o determine, when there may be doubt, whether an enterprise or establishment has an annual gross volume of sales made or business done in excess of the amount specified in the statute," a court looks at the "the total of the gross receipts from all its sales or business during a 12-month period which immediately precedes the quarter-year being tested . . . ." 29 C.F.R. §779.266(b).

If, indeed, there is a lack of enterprise coverage, one would expect the *Defendants* would take the initiative, and show these documents to the Plaintiffs, early-on. Indeed, as part of their Rule 26 Initial Disclosures, the Defendants would need to produce documents related to their defenses as part of their discovery obligations. Ultimately, although the Plaintiffs' counsel informally requested documents related to enterprise coverage on November 3, 2015, the Defendants have produced nothing in that regard.

In an attempt potentially to avoid unnecessary litigation, the Plaintiffs seek to obtain the Defendants' financial records related to the issues of enterprise coverage. Since the issues of enterprise coverage *may* be a potentially case dispositive issue, the Plaintiffs request the Court *stay* the Defendants' discovery requests (Exhibits A, B and C), and for forty-five (45) days only, *limit* all parties discovery efforts to issues of FLSA coverage.

Therefore, the Plaintiff request the Court issue an order directing the Defendants to produce within fifteen (15) days of the Court's Order the following documents related to the issue of enterprise coverage:

1. For the period 2013, 2014 and 2015, copies of all banking records for all bank accounts of Defendants, showing balances and deposits;

2. Defendants' tax returns and schedules thereto, for the years 2013, 2014, and 2015;

3.For 2013, 2014, 2015, profit/loss statements or other documents or electronically stored data reflecting gross revenues or monies/payments received.

This Motion is made in an attempt to avoid potentially unnecessary litigation and conserve resources. The Motion is not being made for any improper purpose or to create delay.

**WHEREFORE**, Plaintiff respectfully requests that this Court *grant* Plaintifffs' Motion to Limit Discovery to FLSA Coverage, require Defendants to produce the three categories of financial records set forth <u>supra</u> within fifteen days, stay all other discovery for 45 days unless it relates to FLSA coverage, and grant the parties such other and further relief as this Court deems just.

## CERTIFICATE OF GOOD FAITH

Counsel for Plaintiff certifies that he has in good faith contacted counsel to obtain his position on limiting discovery to the issue of FLSA coverage, however, the Defendants do not agree.

    Respectfully submitted,

/s Peter Bober
PETER J. BOBER
FBN: 012295
SAMARA ROBBINS BOBER
FBN: 0156248
BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 9257816

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Peter Bober

## SERVICE LIST

Peter J. Bober, Esq.
peter@boberlaw.com
BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel:  (954) 922-2298
Fax: (954) 922-5455
*Attorneys for Plaintiffs*

Todd Shulby, Esq.
TODD W. SHULBY, P.A.
2800 Weston Road, Ste. 101
Weston, Florida 33331
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
Florida Bar No.: 068365
E-mail: tshulby@shulbylaw.com
*Counsel for Defendants*